UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Carmine Camerlengo,<br><br>    Plaintiff,<br><br>v.<br><br>Wolverine Constructors, Inc.<br><br>    Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Carmine Camerlengo (hereinafter referred to as "Plaintiff"), by and through his undersigned attorney, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations by Wolverine Constructors, Inc. (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq.*)

### JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth

by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. *See* Exhibit A

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 113 South Main Street, Richlandtown, PA 18955.

8. Defendant is a business entity with a regular place of business located at 145 Pacific Drive, Quakertown, PA 18951.

## FACTUAL BACKGROUND

9. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

10. Plaintiff is an adult individual of Polish descent.

11. Plaintiff was hired by Respondent as a Heavy Machine Operator on about May 1, 2019.

12. During his employment, Plaintiff was subjected to a pattern of national origin-based discriminatory treatment by Respondent's Owner, Bob Montgomery ("Mr. Montgomery").

For example, on multiple occasions, Mr. Montgomery referred to Plaintiff as a "Polack," which is known to be an offensive and derogatory term used in reference to individuals of Polish descent.

13. In addition to its clear meaning, the manner in which Mr. Montgomery used the aforementioned language clearly demonstrates that he intended it to be discriminatory and offensive. Specifically, Mr. Montgomery:

- Asked Plaintiff: "What are you, fucking Polish?" and
- Would often use the term "Polack" while also using foul language directed towards Plaintiff.

14. Plaintiff was extremely offended by Mr. Montgomery's aforementioned conduct.

15. Because Mr. Montgomery was Defendant's Owner, Plaintiff did not have any means by which he could reasonably expected to report or otherwise resolve the ongoing discriminatory and harassing treatment.

16. In light of the forgoing, Plaintiff felt that the only way to avoid Mr. Montgomery's unrelenting harassment was to resign from employment. For this reason, Plaintiff resigned from employment on about June 10, 2020.

17. Plaintiff believes, and therefore avers that the forgoing rises to the level of a constructive termination from employment.

**Count I**
**Violations of the Title VII**
**(National Origin Discrimination and Hostile Work Environment)**

18. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

19. Defendant is an employer as defined by the Title VII.

20. As set forth in detail above, Plaintiff was subjected to severe and pervasive national origin-based discriminatory comments by Defendant's Owner.

21. As set forth in detail above, Plaintiff was detrimentally affected by the national origin-based discriminatory comments.

22. Given the nature of the comments described above, any reasonable person of Polish descent would be offended by said comments.

23. Because Plaintiff was suffering harassment at the hands of Defendant's owner, the only remedy available was resignation from employment. That is, Plaintiff could not have elevated his concerns regarding the national-origin based discrimination to an individual with authority over Mr. Montgomery because such a person did not exist.

24. Under these circumstances, Plaintiff's resignation rises to the level of a constructive discharge, and therefore, qualifies as an adverse action for purposes of Title VII.

25. The forgoing constitutes discrimination and a hostile work environment in violation of Title VII.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful conduct at the hand of Defendant until the date of verdict;

B. Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

      C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

      D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

      E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

      F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

*[signature]*

Jonathan W. Chase, Esq.
**Law Office of Jonathan W. Chase**
PA ID: 312448
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 967-1544
(215) 967-1108 (Fax)
jwc@lawjwc.com

# EXHIBIT A

EEOC Form 161-B (11/2020) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | **Carmine Camerlengo**<br>P.O. Box 65<br>Richlandtown, PA 18955 | From: | **Cleveland Field Office**<br>EEOC, AJC Fed Bldg<br>1240 E 9th St, Ste 3001<br>Cleveland, OH 44199 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **532-2020-02082** | **Sabrina A. Austin,**<br>**Investigator** | **(216) 306-1135** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Karen McDonough* (signature)

**Karen McDonough,**
**Acting Director**

December 21, 2020
*(Date Issued)*

Enclosures(s)

cc:
**Robert L. Montgomery, President**
**Wolverine Constructors, Inc.**
145 Pacific Drive
Quakertown, PA 18951

**Jonathan W. Chase, Esq.**
1515 Market Street, Suite 1200
Philadelphia, PA 19102

**KELLY EBERLE, Attorney**
P.O BOX 215
Perkasie, PA 18944